UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH W. PEEK,<br><br>        Defendant. | Case No.: 18-cv-0580-AJB-AGS<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO FILE IN FORMA PAUPERIS AS MOOT, (Doc. No. 2);**<br>**and**<br>**(2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE** |

The Court reviews pro se plaintiff Todd White's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.) Under this mandatory screening, the Court finds that White's complaint does not sufficiently state a claim for relief. Thus, the Court **DENIES as moot** White's IFP motion, (Doc. No. 2), and **DISMISSES** his complaint with leave to amend.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

White moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

1

1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Here, White states in his application that over the twelve-month period preceding his complaint he, on average, earned $1,000 per month in employment wages and received $195 per month in public-assistance. (Doc. No. 2 at 1–2.) During that same twelve-month period, White's monthly expenses were $650 for rent and $195 for food, leaving $350 in unspent earnings each month. (*Id.* at 4.) Additionally, White's application indicates the employment that was the source of his earnings terminated on or about February 2018. (*Id.* at 2.) Based on the foregoing, the Court finds that plaintiff's application demonstrates he is unable to pay the requisite fees and costs. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that one need not be "absolutely destitute to enjoy the benefit of the [IFP] statute"). However, for the reasons set forth below, the Court **DENIES** Plaintiff's IFP motion as moot.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126–30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (reasoning that pro se pleadings are liberally construed).

### III. DISCUSSION

White brings this action against defendant Kenneth W. Peek, the property owner of a multi-family housing complex located at 4512 Alabama Street in San Diego (hereinafter "premises"). (Doc. No. 1 at 1–2.) White alleges that from August 2017, until February 2018, White was employed as a paralegal by the Law Offices of Francisco Javier Aldana. (Doc. No. 2 at 2.) As a part of his employment agreement, White was required to sign a lease and live at the premises where Aldana also lived. (Doc. No. 1 at 3.) On or about February 2018, White and Aldana had a disagreement over "hazardous working conditions" and Aldana evicted him from the premises for having a different familial status than Aldana. (*Id*. at 4.) Liberally construing the complaint, White alleges his eviction from

3

18-cv-0580-AJB-AGS

the premises was the result of discrimination on the basis of familial status in violation of the Fair Housing Act.

### A. LEGAL STANDARD UNDER FAIR HOUSING ACT

Under the FHA, "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real-estate transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Discrimination based on familial status generally refers to discrimination against individuals living with one or more minor children or individuals who are pregnant, *see id.* at 3602(k), and "residential real-estate transactions" include eviction, 24 C.F.R. § 100.60(b)(5) (2016).

A prima facie case of disparate treatment requires a showing that: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Alternatively, to establish a disparate impact claim, a plaintiff must allege: "(1) the existence of outwardly neutral practices; (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices; and (3) facts demonstrating a causal connection between the specific challenged practice or policy and the alleged disparate impact." *Pfaff v. U.S. Dept. of Housing and Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1990).

However, "the standards for pleading discrimination claims are no higher than the relaxed pleading standards of Federal Rule of Civil Procedure 8(a). . . ." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). A plaintiff is not required to put forth a prima facie case pursuant to *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). At the dismissal stage, "a plaintiff need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Id.* (internal quotations and citations omitted).

## B. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FHA

The first and only cause of action in White's complaint is for "Discrimination in Violation of Fair Housing Act" and contains only a recitation of FHA provisions and the legal conclusion that the "[d]efendant has injured plaintiff and threatened him with injury." (Doc. No. 1 at 5–6.) A court need not accept complaints that assert bare legal conclusions. *See Franklin*, 745 F.2d at 1228. However, liberally construing the allegations in the complaint, White appears to allege he suffered an injury—eviction from the premises—because of discrimination against his familial status. (Doc. No. 1 at 4.)

However, White fails to plead sufficient facts to assert he had a familial status protected under the FHA. Familial status generally refers to individuals—such as parents or custodians—living with one or more minor children or individuals who are pregnant. 42 U.S.C. § 3602(k). The allegations do not make clear what White's familial status is. A complaint does not suffice if it tenders naked assertions devoid of factual enhancements. *Iqbal*, 556 U.S. at 678 (internal quotations omitted). White would need to allege facts asserting his familial status in order to show he had rights protected under the FHA. Here, White has not done so.

Additionally, White fails to plead sufficient facts describing the discriminatory conduct and how such conduct resulted in his injury. Here, the complaint appears to describe a dispute between White and his employer, Aldana, over "hazardous working conditions" and other employment-related issues, as the cause of the eviction, (Doc. No. 1 at 4), but fails to describe any discriminatory conduct. Further, the complaint fails to connect the discriminatory conduct to the purported eviction. White would need to allege facts describing what the discriminatory conduct was and how the eviction was the result of that discriminatory conduct. Again, here, White does not do so.

## C. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT PEEK

In addition to failing to plead sufficient facts to state a claim under the FHA, White fails to plead sufficient facts to show Peek engaged in the discriminatory conduct or was

otherwise responsible for the discriminatory conduct of others. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]'" so that the defendant can prepare a defense. *Erickson v. Parus*, 511 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Other than identifying Peek as the owner of the premises, the complaint fails to allege any facts that Peek engaged, directly or through an agent, in discriminatory conduct. As such, the complaint fails to give Peek fair notice of what the White's claim against him is and the grounds upon which it rests. White would need to allege facts of Peek's role or responsibility in the discriminatory conduct. Here, White does not do so.

### D. PLAINTIFF FAILS TO ALLEGE FACTS CONNECTING NON-PARTY ALDANA TO DEFENDANT PEEK

The apparent source of the discriminatory conduct is Aldana, White's employer who is not a named defendant in this suit. Construing the complaint liberally, White appears to allege Peek is responsible for the conduct of non-party Aldana because Peek "ratified" Aldana's conduct, (Doc. No. 1 at 4), or Aldana was either the employee or agent of Peek. "HUD regulations define an agent under the FHA as '*any person authorized to perform an action* on behalf of another person *regarding any matter related* to the . . . rental of dwellings, including offers, solicitations or contracts *and the administration of matters* regarding such offers, solicitations or contracts or any residential real estate-related transactions.'" *Harris*, 183 F.3d at 1154 (italics in original) (citations omitted). The complaint offers no facts as to the relationship between Peek and Aldana, other than the fact that Aldana is also a tenant at the premises. Nor does the complaint describe Peek's actions in relation to the discriminatory conduct. White would need to allege facts as to the relationship between Peek and Aldana sufficient to support an agency relationship and actions Peek took to ratify Aldana's discriminatory conduct. Here, White does not do so.

While the Court makes every attempt to liberally construe White's complaint, it still fails to provide sufficient facts to state a claim under the FHA and to give defendant Peek fair notice of the claims against him. Without more, for the aforementioned reasons, the

Court **DISMISSES** White's complaint.

## IV. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. Fed. R. Civ. P. 15(a); *Balistreri*, 901 F.2d at 701. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). Therefore, the Court **GRANTS** White leave to amend his complaint.

## V. CONCLUSION

The Court **DENIES as moot** White's IFP motion, (Doc. No. 2), and **DISMISSES** White's complaint with leave to amend, (Doc. No. 1). White must file both (1) a renewed IFP motion and (2) an amended complaint by **February 15, 2019** or risk having his case dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: January 18, 2019

Hon. Anthony J. Battaglia
United States District Judge